Jennifer A. Kearns (SBN 125588)
Meredith P. Grant (SBN 305129)
**DUANE MORRIS LLP**
750 B Street, Suite 2900
San Diego, CA 92101-4681
Telephone: (619) 744-2200
Facsimile: (619) 744-2201
E-Mail: JKearns@duanemorris.com
E-Mail: MPgrant@duanemorris.com

*Attorneys for Defendant Trepco Imports & Distribution, Ltd.*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| DANIEL BEIRNE, individually, on behalf of all others situated,<br><br>Plaintiff,<br><br>v.<br><br>TREPCO IMPORTS & DISTRIBUTION, LTD., a Michigan Corporation; and DOES 1 through 250, inclusive,<br><br>Defendants. | Case No. 2:19-CV-610<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT (DIVERSITY)** |

TO: THE CLERK OF THE UNITED STATES DISTRICT COURT

Defendant TREPCO IMPORTS & DISTRIBUTION, LTD ("Defendant"), through its attorney, pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, hereby removes to this Court, Case No. CIVDS1829494, currently pending in the Superior Court of the State of California for the County of San Bernardino (the "Action"). Removal of this case is based on diversity of citizenship, as more fully detailed below:

## 1. SUMMARY OF PLEADINGS

On November 13, 2018, Plaintiff DANIEL BEIRNE ("Plaintiff"), a former employee of Defendant, filed a Class Action Complaint ("Plaintiff's Complaint" or "Complaint") initiating the Action against Defendant on his own behalf and "all other persons similarly situated (Class Members)." A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit A. Plaintiff's Complaint, in paragraph 34(a), estimates the Class Members in question to be "greater than one hundred (100) individuals." (Ex. A, ¶ 34(a).) Plaintiff's Complaint seeks damages and alleged penalties on behalf of the putative Class, dating back four (4) years prior to the filing of the Complaint and continuing through present. (Ex. A, ¶ 30.) A complete copy of the state court file is attached hereto as Exhibit C.

## 2. NATURE OF THE COMPLAINT

Plaintiff alleges that Defendant violated California Labor Code §§ 226.7 and 512(a) by requiring Plaintiff and Class Members "to work for periods longer than five hours without an uninterrupted meal period of thirty minutes," and failing to provide compensation for the loss of that time. (Ex. A, ¶ 40.) Plaintiff further alleges that Defendant violated California Labor Code § 226.7 by requiring Plaintiff and Class Members to work "four or more hours without authorizing or permitting a ten-minute rest period for each four-hour period worked." (Ex. A, ¶ 49.) Plaintiff alleges causes of action against Defendant for violating California Labor Code § 1198 and California Code of Regulations, Title 8, § 11050(7) by failing to record Plaintiff's and Class Members' meal periods and "accurate records on actual hours worked by Plaintiff and Class Members." (Ex. A, ¶¶ 58, 60.) Plaintiff alleges Defendant violated California Labor Code §§ 226(a) and 1174 for "intentionally and willfully" failing to provide Plaintiff and Class Members with complete and accurate wage statements identifying "meal and rest break premiums," and violating California Labor Code §§ 210-204 by failing to pay all wages earned by Plaintiff and Class Members within 72 hours of leaving Defendant's employment. (Ex. A, ¶¶ 64, 75.) Lastly, Plaintiff alleges the

above violations constitute "unlawful and/or unfair activity" prohibited under California Business & Professions Code § 17200, et seq. (Ex. A, ¶ 89.)

## 3. TIMELINESS OF REMOVAL

A notice of removal must be filed within 30 days after receipt by service or otherwise of the pleading which makes the defendant a party to the state action. 28 U.S.C. § 1446(b)(l). Defendant received Plaintiff's Complaint by way of personal service on January 7, 2019. A copy of the notice accompanying the Complaint and showing delivery on January 7, 2019 is attached as Exhibit B. Accordingly, this Notice of Removal, which was filed within 30 days of January 7, 2019, is timely.[1]

## 4. STATEMENT OF JURISDICTION

This case is removable to federal court on the grounds of diversity jurisdiction under 28 U.S.C. § 1332, as the parties are completely diverse and the amount in controversy is met.

Complete diversity between the parties exists because Plaintiff is a citizen of California and Defendant is a Michigan corporation and a citizen of Michigan. A natural person's state citizenship is determined by their state of domicile-their permanent home, where they reside with the intention to remain or intend to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff's Complaint concedes that Plaintiff is "and at all relevant times was, a citizen of the State of California, residing in Pomona, California." (Ex. A, ¶ 8.) A corporation is a citizen of 's citizenship is determined by the state where it has its "principal place of business." *Hertz Corp. v. Friend*, 559 U.S. 77, 93, 130 S. Ct. 1181, 1192 (2010). "Principal place of business" refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities . . . the corporation's 'nerve center.'" *Id.*; *SMB LLC v. Horn*, 880 F.3d 461, 465 (9th Cir. 2018). "[I]t should normally be the place where the corporation maintains its headquarters—provided that

---

[1] In filing this Notice of Removal, Defendant does not waive its defense of personal jurisdiction.

1 the headquarters is the actual center of direction, control, and coordination . . . ." *Hertz* at 1192.  The nerve center being the metaphoric equivalent of a corporation's brain "while not precise, suggests a single location." *Id*. at 1193.  "By contrast, a corporation's general business activities more often lack a single principal place where they take place. [T]he corporation may have several plants, many sales locations, and employees located in many different places." *Id*. at 1993-94.  Defendant is in headquartered and incorporated in the State of Michigan, which makes Defendant a citizen of Michigan and wholly diverse from Plaintiff.

Plaintiff's Complaint states "Defendant . . . was and is, upon information and belief, a Michigan corporation, with a corporate headquarters and principal place of business in the State of California." (Ex. A, ¶ 10.)  While Plaintiff correctly asserts Defendant is a Michigan corporation, Plaintiff incorrectly asserts that Defendant's principal place of business is in California.  While Defendant has a distribution facility in California (and in other states as well), its principal place of business and corporate headquarters is and was at all times located in Michigan.  Defendant corporation was formed and incorporated in Michigan.  Defendant's corporate officers directed, controlled, and coordinated its operations in all the states in which it does business, including California, from its corporate headquarters in Madison Heights, Michigan.  See Declaration of Wail Paulus, ¶ 5.

### THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

The Action satisfies the amount in controversy requirement of $75,000 under 28 U.S.C. § 1332.  In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint.  *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E. D. Cal. 2008) (citing *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)).  "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Id*.  (citing *Rippee v. Boston Market Corp.*, 408

F. Supp. 2d 982, 986 (S.D. Cal. 2005); *Schreer v. Equitable Life Assurance Society of the United States*, 347 F.3d 394, 399 (2d Cir. 2003) (emphasis in original)).  When the amount of damages sought by a plaintiff is unclear, the defendant must prove facts supporting the jurisdictional amount by a preponderance of the evidence.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398,403 (9th Cir. 1996); *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)); 28 U.S.C. § 1332(a).  Thus, the defendant must demonstrate that it is "more likely than not" that the amount in controversy exceeds $75,000. *Sanchez*, 102 F.3d at 404.  The jurisdictional minimum may be satisfied by claims for special and general damages, attorney fees and punitive damages. *See Conrad Assocs. V. Hartford Accident & lndem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998).

Here, Plaintiff seeks class certification, declaratory and injunctive relief, disgorgement of profits, restitution, monetary damages in an unspecified amount derived from actual damages alleged for lost pay, compensation for lunch and rest breaks allegedly not given, attorneys' fees, costs to bring suit, and prejudgment interest.  (Ex. A, ¶¶ 27, 61, 69, 92, 93, 95.)  Plaintiff describes Defendant's alleged conduct to have caused Plaintiff and Class Members to suffer damages which substantially exceed the minimum dollar amount for jurisdiction of this Court, with respect to at least two of the six causes of action. (Ex. A, ¶¶ 27, 61, 69.)

Plaintiff's Complaint, in paragraph 34(a), estimates the Class Members in question to be "greater than one hundred (100) individuals."  (Ex. A, ¶ 34(a).) Plaintiff's Third Cause of Action states Plaintiff and Class Members are entitled to recover "one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation of California labor Code §§ 2269(f) and (g), and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees" . . . . (Ex. A, ¶ 61.)  Further, paragraph 69 under Plaintiff's Fourth Cause of Action claims entitlement to "the greater of their

actual damages caused by Defendants' failure to comply with California Labor Code § 226(a), or an aggregate penalty not exceeding four thousand dollars per employee." (Ex. A, ¶ 69.)  If Plaintiff correctly estimates that 100 or more former employees are Class Members, Plaintiff's Fourth Cause of Action alone would accrue a minimum of $400,000 in damages (or more) if successfully prosecuted.  Plaintiff's Fourth Cause of Action alone satisfies the amount-in-controversy requirement.

## 5. VENUE

Venue lies in this Court because Plaintiff resides in Pomona, California (see Exhibit A, ¶ 8), which is located in Los Angeles County, California.  *See* 28 U.S.C. § 1441(a).

## 6. CONCLUSION

Because Defendant timely filed a Notice of Removal of an action for which this Court has jurisdiction through diversity jurisdiction, removal is proper. Defendant has also timely filed a Notice to Adverse Party of Removal to Federal Court in the Superior Court of the State of California.  In filing this Notice of Removal, Defendant does not waive, and specifically reserves, all defenses, exceptions, rights and motions. No statement herein, or any omission, shall be deemed to constitute an admission by Defendant of any of the allegations or damages sought in the Complaint.

Dated: January 25, 2019                **DUANE MORRIS LLP**

By: /s/ *Jennifer Kearns*
Jennifer Kearns
Meredith P. Grant
Attorneys for Defendant TREPCO IMPORTS & DISTRIBUTION, LTD.